IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ULTIMATE ACQUISITION<br>PARTNERS, LP, et al.,[1]<br><br>                Debtors | Chapter 7<br><br>Case No. 11-10245 (MFW)<br>Jointly Administered |
| ALFRED T. GIULIANO,<br>Chapter 7 Trustee of Ultimate Acquisition<br>Partners, LP, et al.<br><br>                Plaintiff<br><br>v.<br><br>INNOVATIVE NATIONWIDE BUILDERS,<br>INCORPORATED<br><br>                Defendant. | Adv. Pro. No. _____ |

## TRUSTEE'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 and 550 AND OBJECTION TO SCHEDULED UNSECURED CLAIM

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors") files this complaint and objection to the proof of claim(s) (the "Complaint") against Innovative Nationwide Builders, Incorporated ("Defendant"), and alleges as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

## Nature of the Action

1. The Trustee brings this action against the Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the Debtors' bankruptcy proceedings. The Trustee also objects to the scheduled, unsecured claim of Defendant.

## The Parties

2. The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee for the estates of the above-captioned Debtors. Pursuant to 11 U.S.C. § 704, the Trustee has the authority to investigate the financial affairs of the Debtors and litigate affirmative claims of and object to claims asserted against the Debtors.

3. The Debtors were specialty retailers of high-end home entertainment and consumer electronics with 46 stores in over a dozen states. The Debtors' principal offices were located at 321 W. 84th Avenue, Suite A, Thornton, Colorado 08260.

4. Upon information and belief, at all relevant times, Defendant was a construction company with its principal place of business located at 710 William Pitt Way, Pittsburgh, Pennsylvania 15238. Defendant is a corporation formed under the laws of the state of Pennsylvania.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b).

2

6. Venue of these proceedings and this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory and legal predicates for the relief sought herein are sections 502(d), 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Case Background

8. On January 26, 2011 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases were jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) under Case Number 11-10245 (MFW).

9. On May 3, 2011, the Court entered an order converting these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 737].

10. On May 4, 2011, Alfred T. Giuliano was duly appointed as the Chapter 7 Trustee [Docket No. 742].

## Background Facts

11. The Debtors operated specialty stores primarily in the mid-west and western United States. Of the 46 stores, 35 were operated by Ultimate Acquisition Partners, LP ("UAP") and 11 were operated by CC Retail ("CC"). All operated under the name "Ultimate Electronics" ("Operating Name"). The Debtors maintained a single bank account, with Wells Fargo Bank, N.A., Account No. 4121902118 from which all payments were made, including the transfers at issue in this action. Each payment bore the Debtors' Operating Name on its face.

3

12. The Debtors operated each of their retail stores under leases with third party landlords. The Debtors also leased their warehouse and office in Thornton, Colorado from a third party landlord.

13. The Debtors employed over 1,500 full-time and part-time employees who performed a variety of functions, including customer service, inventory control, management, accounting, marketing, purchasing and sales, shipping, tax, technical, and other services.

14. The Debtors are each wholly owned by Ultimate Acquisitions, LLC, a Delaware limited liability company. Wattles Capital Management, LLC holds 71.25% of the common units of Ultimate Acquisitions, LLC, Hewlett-Packard Company holds 25% of the common units, and Bruce Giesbrecht holds 3.75% of the common units.

**The Business Relationship Between the Debtors and Defendant**

15. In the ordinary course of their businesses, the Debtors maintained relationships with various entities, through which the Debtors regularly purchased, sold, received, or delivered goods and services. As home entertainment and consumer electronics retailers, the Debtors sold many different types of products in their stores, including CDs, MP3 players and other portable electronics, televisions, DVDs, DVD players, stereo equipment, car audio, computers and related accessories, home appliances, cameras, and video games.

16. Based on their diverse product inventory, the Debtors regularly purchased such products for resale in the Debtors' stores from various manufacturers, suppliers, and distributors, including Sony, Samsung, Nikon, Hewlett-Packard, Panasonic, and Yamaha, among others. The Debtors also regularly paid for services to facilitate their inventory, including for shipping, transportation, and warehousing.

17. Debtors purchased services from the Defendant.

4

18.  During the course of their relationship, the parties engaged in numerous transactions, that are reflected in invoices, communications and other documents (collectively, the "Agreements").

19.  Debtors and Defendant conducted business with one another up to and through the Petition Date pursuant to the Agreements.

### Amounts Allegedly Owed to Defendant and Defendant's Claims

20.  The Debtors scheduled an unsecured, non-priority claim for the Defendant in the amount of $2,058.00 (the "Scheduled Claim").

### Transfers to Defendant Made Within 90 Days Prior to the Petition Date

21.  During the 90-day period prior to the commencement of Debtors' bankruptcy cases(the "Preference Period"), the Debtors transferred property to or for the benefit of Defendant through payments aggregating an amount not less than $199,361.84. The details of each and every one of the transfers (the "Preferential Transfers") are set forth on Exhibit A, which is attached hereto and incorporated by reference.

22.  Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under Section 547(g). Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

### First Claim for Relief
### (Avoidance of Preferential Transfers pursuant to 11 U.S.C. § 547(b))

23.  The Trustee repeats and realleges each of the allegation set forth above as if fully set forth herein.

5

24. During the Preference Period, Defendant was a creditor of Ultimate Electronics, the operating name of the Debtors, by virtue of services perfomed for which the Debtors were obligated to pay following delivery, in accordance with the Agreement. All payments by the Debtors on Defendant's invoices were paid from the Wells Fargo bank account described above.

25. Each Preferential Transfer identified in Exhibit A was made to the Defendant.

26. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by Debtors to Defendant before such Preferential Transfers were made, as asserted by Defendant and memorialized in the invoices identified in Exhibit A, each of which constituted "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors.

27. Each Preferential Transfer was made during the Preference Period.

28. Each Preferential Transfer was made while the Debtors were insolvent.

29. Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the transfers and/or payments had not been made, or (ii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

30. Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code §547(b).

## Second Claim for Relief
### (Recovery of Preferential Transfers pursuant to 11 U.S.C. § 550)

31. The Trustee repeats and realleges each of the allegation set forth above as if fully set forth herein.

32. Defendant was the initial transferee of the Preferential Transfers.

33. Each Preferential Transfer that is avoided under §547(b) is recoverable pursuant to Bankruptcy Code §550.

34. Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code §550(a).

## Third Claim for Relief
### (Objection to the Scheduled Unsecured Claim - Disallowance under §502(d))

35. The Trustee repeats and realleges each of the allegation set forth above as if fully set forth herein.

36. Defendant alleges that certain amounts are owed to it by Debtors pursuant to the Scheduled Claim.

37. As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code §547(b), which is recoverable pursuant to Bankruptcy Code §550.

38. Accordingly, pursuant to Bankruptcy Code §502(d), the Scheduled Claim must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided.

DOCS_LA:241459.1 31259-001

## Prayer for Relief

WHEREFORE, the Trustee respectfully requests and prays that the Court:

39. Pursuant to the First and Second Claims for Relief, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and in favor of the Trustee, avoiding and recovering the Preferential Transfers in an amount not less than $199,361.84; and

40. Pursuant to the Third Claim for Relief, disallow the Scheduled Claim in accordance with Bankruptcy Code §502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transfers; and

41. Award the Trustee prejudgment interest at the legally allowed applicable rate;

42. Award the Trustee costs, and expenses of suit herein; and

43. Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: July 19, 2011

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (Bar No. 4142)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: bsandler@pszjlaw.com
        pkeane@pszjlaw.com

Counsel to the Chapter 7 Trustee

# **EXHIBIT A**

| Vendor/Payee Information: | | | | | | |
|---|---|---|---|---|---|---|
| | Innovative Nationwide Builders, Inc. | | | | | |
| Check # | Clear Date | Check Amt | Invoice # | Inv Date | Inv Amt | Amt Paid |
| 36803 | 11/04/2010 | $2,750.00 | 2010105 | 09/24/2010 | $2,750.00 | $2,750.00 |
| 37917 | 11/22/2010 | $115,833.44 | APP 3 102610 | 10/26/2010 | $115,833.44 | $115,833.44 |
| 39180 | 12/14/2010 | $80,778.40 | APP 4 120110 | 12/01/2010 | $80,778.40 | $80,778.40 |
| TOTAL | | **$199,361.84** | | | | $199,361.84 |